IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Joachim Saunders, | : | |
| Plaintiff | : | Civil Action 2:11-cv-00517 |
| v. | : | Judge Marbley |
| Whitehall Police Department and Detective G. Grinstead, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |

**Report and Recommendation**

This matter is before the Magistrate Judge on defendants Detective G. Grinstead and the Whitehall Police Department's July 26, 2012 unopposed motion for summary judgment (doc. 25).

<u>Allegations in the Complaint</u>. The complaint makes the following allegations. On June 27, 2011, at 10:45 a.m., Detective G. Grinstead unlawfully arrested plaintiff Joachim Saunders for trafficking in drugs and tampering with evidence. Saunders was later released from jail. He seeks the return of his 2002 Jaguar X-Type, laptop, clothing, around $1,300, and other items taken during the criminal investigation.

During the preliminary pretrial conference, Saunders said that he wanted to recover substantial damages from defendants because the arrest and incarceration caused him to become homeless and damaged his business as a rapper.

Summary Judgment. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the absence or presence of a genuine dispute must support that assertion by either "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party may object that the cited material "cannot be presented in a form that would be admissible in evidence," and "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2); Fed. R. Civ. P. 56 advisory committee's note. If a party uses an affidavit or declaration to support or oppose a motion, such affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

While the court must consider the cited materials, it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3). However, "[i]n considering a motion for summary judgment, the district court must construe the evidence and draw all

2

reasonable inferences in favor of the nonmoving party." *Revis v. Meldrum*, 489 F.3d 273, 279 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.*, 489 F.3d at 279–80 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

Discussion. When a motion for summary judgment is unopposed, the Court may properly limit its review to the facts relied on by defendant. It has no duty to search the record. *Guarino v. Brookfield Twp.*, 980 F.2d 399, 404-05 and 407 (6th Cir. 1992).

Defendants maintain that the Whitehall Police Department is not *sui juris*. Defendants' argument is well founded. Because the Whitehall Police Department is a sub-unit of the city government, it is merely a vehicle through which the city fulfills its policing functions. As a result, the Whitehall Police Department is not a proper defendant, and it should be dismissed. *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075, 1080 (S.D. Ohio 1987); *Elam v. Montgomery County*, 573 F. Supp. 797 (S.D. Ohio 1983).

On May 22, 2012, plaintiff pleaded guilty to trafficking in cocaine and carrying a concealed weapon. *See* doc. 25 at PageID 113-14. A civil rights action is not a substitute for habeas corpus. When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Heck v. Humphrey,* 512 U.S. 477, 787 (1994); *Edwards v. Balisok,* 520 U.S. 641 (1997).  A

3

convicted criminal defendant cannot bring a claim under 42 U.S.C. § 1983 if a judgment on the claim "would necessarily imply the invalidity" of his criminal conviction and that conviction has not been set aside.  *Heck,* 512 U.S. at 487.  Here a judgment for plaintiff would necessarily undermine his criminal convictions, and those convictions have not been set aside.  Consequently, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

Conclusion. For the reasons stated above, the Magistrate Judge RECOMMENDS that defendants Detective G. Grinstead and the Whitehall Police Department's  July 26, 2012 unopposed motion for summary judgment (doc. 25) be GRANTED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel  
United States Magistrate Judge
