IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Joachim Saunders, | : | |
| Plaintiff | : | Civil Action 2:11-cv-00517 |
| v. | : | Judge Marbley |
| Whitehall Police Department and , | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

Plaintiff Joachim Saunders brings this action alleging that defendants unlawfully arrested him. This matter is before the Court on Magistrate Judge Abel's January 14, 2013 Report and Recommendation that defendants' unopposed motion for summary judgment be granted. Plaintiff has not filed any objections to the Report and Recommendation. The docket indicates that the Report and Recommendation mailed to plaintiff was returned as undeliverable. At the time plaintiff filed this action, he was incarcerated at the Franklin County Jail. He has been released from the jail, but he failed to provide the Court with an updated mailing address.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **GRANTS** defendant motion for summary judgment. (Doc. 25 ).

Because the Whitehall Police Department is a sub-unit of the city government, it is merely a vehicle through which the city fulfills its policing functions. As a result, the

1

Whitehall Police Department is not a proper defendant. *Williams v. Dayton Police Dept.*, 680 F. Supp. 1075, 1080 (S.D. Ohio 1987); *Elam v. Montgomery County*, 573 F. Supp. 797 (S.D. Ohio 1983).

On May 22, 2012, plaintiff pleaded guilty to trafficking in cocaine and carrying a concealed weapon. *See* doc. 25 at PageID 113-14. A civil rights action is not a substitute for habeas corpus.  When a prisoner challenges the fact or duration of his confinement, his sole federal remedy is habeas corpus.  *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *Heck v. Humphrey,* 512 U.S. 477, 787 (1994); *Edwards v. Balisok,* 520 U.S. 641 (1997).  A convicted criminal defendant cannot bring a claim under 42 U.S.C. § 1983 if a judgment on the claim "would necessarily imply the invalidity" of his criminal conviction and that conviction has not been set aside.  *Heck,* 512 U.S. at 487.  Here a judgment for plaintiff would necessarily undermine his criminal convictions, and those convictions have not been set aside.  Consequently, the complaint fails to state a claim for relief under 42 U.S.C. § 1983.

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendants Detective G. Grinstead and the Whitehall Police Department.  This action is hereby **DISMISSED.**

    s/ Algenon L. Marbley
Algenon L. Marbley
United States District Judge